| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| SKIPJACK HOLDINGS, LLC;<br>SUPER ASPHALT PAVEMENT<br>CORP.<br><br>Peticionarios<br><br>V.<br><br>FRANCISCO ARIAS, SU<br>ESPOSA Y LA SOCIEDAD<br>LEGAL DE BIENES<br>GANANCIALES COMPUESTA<br>POR AMBOS Y OTROS<br><br>Recurridos | TA2026CE00697 | *Certiorari*<br>procedente del<br>Tribunal de<br>Primera<br>Instancia Sala<br>Superior de<br>Bayamón<br><br>Civil Núm.<br>BY2025CV04173<br><br>Sobre:<br>Acción rescisoria<br>y otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de junio de 2026.

Skipjack Holdings, LLC (Skipjack) y Super Asphalt Pavement Corp. (SAP) (en conjunto, peticionarios) solicitan la revisión de una *Orden* emitida y notificada el 4 de mayo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En tal dictamen, el foro primario denegó su solicitud de consolidar el caso de epígrafe con la acción por despido injustificado que el señor Francisco J. Arias Rodríguez (señor Arias Rodríguez o recurrido) presentó en su contra.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

### I.

Este caso se originó el 7 de agosto de 2025, cuando los peticionarios presentaron una *Demanda* sobre incumplimiento de contrato, dolo, daños, cobro de dinero y acción rescisoria o pauliana contra varias personas.[2] Esta se enmendó el 2 de septiembre de 2025

---

[1] Entrada Núm. 176 del caso BY2025CV04173 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] *Íd.*, Entradas Núm. 1 y 19. Los codemandados fueron Gregory James Mazza De Vorske, Katherine Cadena Vega y la Sociedad Legal de Bienes Gananciales; Marco Phillip Mazza De Vorske, Vilma Morales y la Sociedad Legal de Bienes Gananciales; Diana Michelle Mazza De Vorske y Jesús Brito García y la Sociedad Legal de Bienes Gananciales; Mazza Family Trust y Juan Vázquez Donis.

para incluir al presidente de SAP, el señor Arias Rodríguez, su esposa y la Sociedad Legal de Bienes Gananciales. Alegaron que otorgaron un *Stock Purchase Agreement* inducidos por falsas representaciones sobre la situación económica de SAP, sin las cuales no habrían consumado la transacción o la habrían pactado en otros términos.

El 1 de mayo de 2026, los peticionarios solicitaron consolidar este caso con la reclamación laboral presentada en su contra por el recurrido al amparo del procedimiento sumario.[3] Sostuvieron que ambos pleitos tenían cuestiones comunes de hechos y de derecho, ya que el despido estaba vinculado con las alegaciones de dolo, incumplimiento contractual, manejo indebido de fondos y violaciones a deberes corporativos. Alegaron que, aunque el señor Arias Rodríguez no otorgó el contrato, conocía las falsas representaciones y omisiones de los codemandados, por lo que la reclamación laboral debió presentarse como reconvención compulsoria. Esgrimieron que litigarla por separado fragmentaría la controversia, duplicaría la prueba y crearía dictámenes incompatibles.

En atención a lo anterior, el TPI emitió y notificó una *Orden* mediante la cual declaró No Ha Lugar la solicitud de consolidación.[4]

Inconforme, el 6 de junio de 2026, los peticionarios presentaron el recurso que nos ocupa, en el que formularon el siguiente señalamiento de error:

> ERRÓ EL TPI AL DECLARAR "NO HA LUGAR", SIN EXPLICACIÓN ALGUNA, LA MOCIÓN DE CONSOLIDACIÓN PRESENTADA POR LAS PETICIONARIAS A PESAR DE LA EVIDENTE E INTRÍNSECA RELACIÓN ENTRE AMBOS, CUANDO LA DEMANDA ENMENDADA PRESENTADA POR LAS PETICIONARIAS Y LA QUERELLA PRESENTADA POR EL SEÑOR ARIAS SURGEN DEL MISMO NÚCLEO DE HECHOS OPERATIVOS Y SE CONFIGURAN LOS ELEMENTOS DE CONSOLIDACIÓN BAJO LA REGLA 38 DE PROCEDIMIENTO CIVIL, ANTE.

En esencia, los peticionarios arguyeron que el foro primario abusó de su discreción al rechazar la consolidación, ya que ambos

---

[3] *Íd.*, Entrada Núm. 175. En referencia al caso núm. SJ2026CV01654, mediante el cual el recurrido alegó que fue despedido sin justa causa ni explicación.
[4] *Íd.*, Entrada Núm. 176.

pleitos surgían del mismo núcleo de hechos: la compraventa de acciones de SAP, las presuntas representaciones falsas u omisiones financieras, el alegado uso indebido de fondos corporativos, y la conducta del recurrido como presidente, accionista y CFO de SAP. Asimismo, plantearon que las actuaciones imputadas al recurrido motivaron la terminación de su empleo.

Por ello, afirmaron que la reclamación laboral no constituía un despido injustificado típico, sino una controversia íntimamente vinculada con las alegaciones de fraude, dolo, incumplimiento contractual y manejo indebido de fondos formuladas en la *Demanda Enmendada*. En consecuencia, reiteraron que dicha causa debió presentarse como reconvención compulsoria o consolidarse con este pleito, a fin de evitar duplicidad de prueba, promover economía procesal y prevenir dictámenes inconsistentes.

Por su parte, el 12 de junio de 2026, el señor Arias Rodríguez expuso que no procedía expedir el auto de *certiorari* porque la *Orden* recurrida descansaba en la amplia discreción del TPI en materia de consolidación, sin que se demostrara prejuicio, parcialidad, error craso o manifiesto en la misma. Añadió que la petición era un tercer intento de obtener la consolidación de su reclamación laboral con el pleito corporativo, alegadamente rechazada en otro foro.[5]

El recurrido negó que existieran cuestiones comunes de hechos o de derecho. Distinguió este pleito, sobre incumplimiento contractual, dolo, daños, cobro de dinero y acción pauliana, de su reclamación laboral por despido. Adujo que no suscribió el acuerdo ni en este caso se alegó el despido. Además, sostuvo que la consolidación desvirtuaría el procedimiento sumario, ampliaría el

---

[5] El TPI de San Juan determinó que la Sala de Bayamón debía atender la solicitud de consolidación, por ser el caso de mayor antigüedad. Entrada Núm. 41 del caso SJ2026CV01654 en SUMAC. Posteriormente, un Panel Hermano de este Tribunal denegó la expedición del auto de *certiorari* en el caso TA2025CE00589 consolidado con TA2026CE00647, en el que los peticionarios solicitaron la revisión de dicha determinación.

descubrimiento de prueba y dilataría la controversia laboral, contrario al propósito protector de la legislación.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía revisa las determinaciones de un foro inferior discrecionalmente. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *McNeill Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la expedición del auto de *certiorari* para revisar dictámenes interlocutorios al amparo de las Reglas 56 y 57 de Procedimiento Civil, *supra*, denegatorias de mociones dispositivas y, por excepción, asuntos sobre admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Además, la discreción apelativa opera conforme a los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Al denegar la expedición del auto de *certiorari*, este Tribunal no viene obligado a fundamentar tal decisión, sin que constituya una adjudicación en los méritos. Regla 52.1 de Procedimiento Civil, *supra*; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008).

### B. Consolidación de pleitos

La Regla 38.1 de Procedimiento Civil, *supra*, autoriza la consolidación de pleitos, mecanismo mediante el cual se unen varias acciones presentadas por separado en un proceso para la vista de una cuestión común, del juicio o de trámites ulteriores. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., Puerto Rico, LexisNexis, 2017, pág. 395. Su propósito es evitar la duplicidad de pleitos, adjudicar conjuntamente reclamaciones relacionadas cuando la naturaleza de las controversias lo permita, promover la economía procesal y reducir el riesgo de dictámenes incompatibles sobre un incidente. *Vives Vázquez v. ELA*, 142 DPR 117 (1996); *Granados v. Rodríguez Estrada II*, 124 DPR 593 (1989).

La consolidación de pleitos no procede de forma automática, puesto que las acciones deben estar pendientes ante el tribunal y presentar cuestiones comunes de hechos o de derecho. *Íd.* El foro primario debe ponderar las circunstancias particulares de los casos, su etapa procesal, las alegaciones, el descubrimiento de prueba, la existencia de mociones potencialmente dispositivas, la complejidad de las controversias, la multiplicidad de partes, el posible perjuicio a las partes o al sistema judicial, si se trata de un procedimiento especial, y si propende a la solución justa, rápida y económica de los casos. *Íd.*

Tal decisión descansa en la sana discreción del juez de instancia, quien posee amplia facultad para dirigir los procedimientos

y procurar una adjudicación adecuada. *Vives Vázquez v. ELA, supra.* Por ello, una determinación sobre consolidación emitida tras un análisis ponderado de la totalidad de las circunstancias merece deferencia en revisión apelativa, salvo que omita considerar un factor importante o incurra en abuso de discreción. *Íd.*

**III.**

Tras examinar el expediente ante nos, concluimos que no se satisfacen los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, ni de la Regla 40 del Reglamento de este Tribunal, *supra*, para justificar nuestra intervención en este recurso.

La determinación recurrida versa sobre una solicitud de consolidación de casos, asunto procesal que exige ponderar las circunstancias particulares del litigio, la complejidad de las controversias, la etapa en que se encuentran los procedimientos, las alegaciones formuladas, el posible perjuicio a las partes y si favorece una solución justa, rápida y económica. Tal ejercicio corresponde, en primera instancia, al foro primario, por estar en mejor posición para dirigir el trámite de los casos ante su consideración.

No advertimos que el TPI haya actuado con prejuicio, parcialidad, arbitrariedad o abuso de su amplia discreción al denegar la consolidación de casos solicitada. Tampoco surge que la determinación recurrida sea contraria a derecho o que nuestra intervención evite un fracaso de la justicia.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones